UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
FIREMEN'S INSURANCE COMPANY OF )
WASHINGTON D.C. D/B/A BERKLEY  )
UNDERWRITERS INSURANCE COMPANY,)
                               )
            Plaintiff,         )   Civil Action
                               )   No. 24-cv-12566-PBS
v.                             )
                               )
HISCOX INSURANCE COMPANY, INC.,)
                               )
            Defendant.         )
_____)
```

**MEMORANDUM AND ORDER**

February 13, 2026

Saris, J.

**INTRODUCTION**

This insurance coverage dispute involves a leaky construction project in Quincy, Massachusetts. The project's general contractor retained Exterior Designs, Inc. ("Exterior") to perform siding and trim work. Exterior, in turn, retained Timothy Carey and at least ten other subcontractors. Plaintiff Firemen's Insurance Company of Washington D.C. d/b/a Berkley Underwriters Insurance Company ("Firemen's") and Defendant Hiscox Insurance Company ("Hiscox") insured Exterior and Carey, respectively. Exterior was an additional insured on Hiscox's coverage of Carey.

In 2021, the project's owner filed a lawsuit alleging that shoddy construction work caused water leaks in the buildings. Both

1

Exterior and Carey were impleaded into the lawsuit. Firemen's subsequently brought this action against Hiscox seeking a declaration regarding the two insurers' obligations to defend Exterior in that underlying lawsuit. Firemen's chiefly argues that its coverage of Exterior's defense costs is excess to Hiscox's coverage of those costs under the Firemen's policy's "other insurance" provision and, thus, that Hiscox's defense obligation is primary. Hiscox responds that the two insurers' obligations to defend Exterior are co-primary. In the event the Court concludes that Firemen's and Hiscox owe co-primary duties to defend Exterior, the parties dispute whether they should split those costs evenly or on a "time-on-the-risk" basis. Firemen's and Hiscox have cross-moved for summary judgment on these coverage issues.

After hearing, the Court **ALLOWS** Firemen's motion for summary judgment (Dkt. 15) and **DENIES** Hiscox's cross-motion for summary judgment (Dkt. 23).

## BACKGROUND

The facts relevant to the parties' cross-motions for summary judgment are undisputed.

I. **Insurance Policies**

　A. **The Fireman's Policy**

Exterior is a "Named Insured" on a series of materially identical insurance policies issued by Firemen's for successive periods between January 1, 2016, and January 1, 2020 (collectively,

2

the "Firemen's Policy"). "Coverage A" of the Firemen's Policy provides commercial general liability coverage for "those sums that the insured becomes legally obligated to pay as damages because of . . . 'property damage' to which this insurance applies." Dkt. 18-6 at 179. The Fireman's Policy contains the following "other insurance" provision:

> **4.   Other Insurance**
>
>   If other valid and collectible insurance is available to the insured for a loss we cover under Coverage[] **A** . . . of this Coverage Part, our obligations are limited as follows:
>
>   **a.   Primary Insurance**
>
>   This insurance is primary except when Paragraph **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph **c.** below.
>
>   **b.   Excess Insurance**
>
>   **(1)**   This insurance is excess over:
>
>   . . .
>
>   (b)   Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured.
>
>   **(2)**   When this insurance is excess, we will have no duty under Coverage A . . . to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer

> defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

Id. at 190. The Firemen's Policy states that "[t]hroughout this policy the words 'you' and 'your' refer to the Named Insured." Id. at 179.

B.  **The Hiscox Policy**

Hiscox issued a commercial general liability policy listing Carey as a "Named Insured" for the period from January 25, 2017, to January 25, 2018 (the "Hiscox Policy"). The Hiscox Policy includes the following "Additional Insured" endorsement:

> **A.  Section II – Who Is An Insured** is amended to include as an additional insured any person(s) or organization(s) for whom you are performing operations or leasing a premises when you and such person(s) or organization(s) have agreed in writing in a contract or agreement that such person(s) or organization(s) be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf:
>
> 1.  In the performance of your ongoing operations; or
>
> 2.  In connection with your premises owned by or rented to you.
>
> A person's or organization's status as an additional insured under this endorsement ends when your operations or lease agreement for that additional insured are completed.

Dkt. 18-9 at 23. The Hiscox Policy also contains an "other insurance" provision that is similar in relevant part to the one

in the Firemen's Policy. Under the Hiscox Policy, "the words 'you' and 'your' refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy," while the "word 'insured' means any person or organization qualifying as such under Section **II** – Who Is An Insured." Id. at 6.

## II.   **Marina Bay Action**

This insurance coverage dispute arises from underlying litigation over allegedly deficient work during a construction project in Quincy, Massachusetts. Marina Bay Residences, LLC ("Marina Bay") began construction on two mixed-use buildings in 2015. Callahan, Inc. ("Callahan") served as general contractor for the project. In January 2016, Callahan retained Exterior to conduct exterior siding and trim work. Exterior itself retained at least eleven subcontractors to complete this work. One of those subcontractors was Carey, whom Exterior hired on or about March 22, 2017. The Exterior-Carey subcontract stated that Exterior "shall be named as [an] Additional Insured[]" on Carey's commercial general liability policy. Dkt. 18-5 at 13. Throughout 2017, Carey provided "CMU furring, air water barrier, flashing, trim, and related work" for the project, Dkt. 18-3 ¶ 146, finishing his work on December 29, 2017. The Marina Bay project was substantially completed on April 23, 2018.

Between 2018 and 2020, Marina Bay discovered water intrusions, leaks, and microbial growth throughout the buildings. On November 18, 2021, Marina Bay filed suit against Callahan in Massachusetts Superior Court alleging that Callahan's and its subcontractors' defective work caused the damage to the buildings (the "Marina Bay Action"). Callahan then filed a third-party complaint against Exterior. Callahan alleged, among other things, that Exterior performed defective work on the project that contributed to the damage. Exterior, in turn, filed a fourth-party complaint against Carey and ten subcontractors in which Exterior claimed that the subcontractors were responsible for the defective work. Callahan subsequently filed an amended third-party complaint adding claims directly against some of Exterior's subcontractors, including Carey.

Firemen's agreed to defend Exterior in the Marina Bay Action under the Firemen's Policy. Hiscox also agreed to defend Exterior as an additional insured under the Hiscox Policy. Citing the "other insurance" provisions in the respective policies, Firemen's "ask[ed] Hiscox to assume Exterior's defense on a primary, noncontributory basis." Dkt. 18-13 at 2. Hiscox declined, asserting that the Firemen's and Hiscox's Policies were primary for different periods of time and, thus, that the two insurers should share defense costs based on their respective time on the risk. This lawsuit followed.

**LEGAL STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute is one which 'a reasonable jury could resolve . . . in the favor of the non-moving party,' and a material issue is one with the 'potential to affect the outcome . . . under the applicable law.'" Kinzer v. Whole Foods Mkt., Inc., 99 F.4th 105, 108 (1st Cir. 2024) (alterations in original) (quoting Cherkaoui v. City of Quincy, 877 F.3d 14, 23-24 (1st Cir. 2017)). In determining whether to grant summary judgment, a court must construe "the facts in the light most favorable to the non-moving party" and "draw[] all reasonable inferences" in her favor. Id. (quoting Harley-Davidson Credit Corp. v. Galvin, 807 F.3d 407, 408 (1st Cir. 2015)).

This standard "do[es] not change where the parties file cross-motions for summary judgment." Roberge v. Travelers Prop. Cas. Co. of Am., 112 F.4th 45, 51 (1st Cir. 2024). On cross-motions, the court "review[s] each motion 'separately, drawing facts and inferences in favor of the non-moving party.'" Id. (quoting Scottsdale Ins. Co. v. United Rentals (N. Am.), Inc., 977 F.3d 69, 72 (1st Cir. 2020)).

**DISCUSSION**

The main argument asserted by Firemen's in this lawsuit is that Hiscox's coverage of Exterior's defenses costs in the Marina Bay Action is primary due to the "other insurance" provision in the Firemen's Policy and, thus, that Hiscox must assume Exterior's entire defense. Hiscox disagrees, contending that Firemen's and Hiscox are co-primary insurers for purposes of Exterior's defense costs. Should the Court conclude that Firemen's and Hiscox are co-primary insurers, the parties quarrel over how defense costs should be allocated. Firemen's asserts that the two insurers should evenly split the defense costs, while Hiscox urges the Court to apply the "time on the risk" allocation method.

Resolving these disputes requires interpreting the language of the two insurance policies. The parties agree that Massachusetts law applies in this case. Under Massachusetts law, the "[i]nterpretation of an insurance contract is a pure question of law." Zurich Am. Ins. Co. v. Med. Props. Tr., Inc., 237 N.E.3d 733, 737 (Mass. 2024). This inquiry draws on "the general rules of contract interpretation." U.S. Fire Ins. Co. v. Peterson's Oil Serv., Inc., 155 F.4th 22, 34 (1st Cir. 2025) (quoting AIG Prop. Cas. Co. v. Cosby, 892 F.3d 25, 27 (1st Cir. 2018)); see Verveine Corp. v. Strathmore Ins. Co., 184 N.E.3d 1266, 1272 (Mass. 2022) ("Interpretation of language in an insurance contract is no different from the interpretation of any other contract." (quoting

8

Metro. Life Ins. Co. v. Cotter, 984 N.E.2d 835, 844 (Mass. 2013))). Thus, courts "interpret 'the words of the policy in their usual and ordinary sense'" to "determine 'the fair meaning of the language used.'" Lawrence Gen. Hosp. v. Cont'l Cas. Co., 90 F.4th 593, 598-99 (1st Cir. 2024) (quoting Verveine, 184 N.E.3d at 1272). "A policy of insurance whose provisions are plainly and definitely expressed in appropriate language must be enforced in accordance with its terms." Cubberley v. Com. Ins. Co., 249 N.E.3d 1129, 1136 (Mass. 2025) (quoting McGilloway v. Safety Ins. Co., 174 N.E.3d 1191, 1196 (Mass. 2021)).

This case concerns the parties' duty to defend Exterior in the Marina Bay Action. Under Massachusetts law, an insurer's duty to defend "is more expansive than [its] duty to indemnify." U.S. Fire Ins. Co., 155 F.4th at 29 (quoting Millipore Corp. v. Travelers Indem. Co., 115 F.3d 21, 35 (1st Cir. 1997)). An insurer has a duty to defend when "the facts alleged" in the complaint "are 'reasonably susceptible of an interpretation that states or roughly sketches a claim covered by the policy terms.'" Id. (quoting Billings v. Com. Ins. Co., 936 N.E.2d 408, 414 (Mass. 2010)). In other words, the "facts alleged need not 'specifically and unequivocally make out a claim within the coverage' but rather 'need only show, through general allegations, a possibility that the liability claim falls within the insurance coverage.'"

Lionbridge Techs., LLC v. Valley Forge Ins. Co., 53 F.4th 711, 719 (1st Cir. 2022) (quoting Billings, 936 N.E.2d at 414).

Hiscox asserts, and Firemen's does not dispute, that the allegations against Exterior in the Marina Bay Action sketch claims seeking to hold Exterior liable in three relevant respects: 1) for Exterior's own negligence; 2) for Exterior's vicarious liability for Carey's negligence; and 3) for Exterior's vicarious liability for the negligence of its other ten subcontractors. Firemen's admits that these allegations trigger a duty to defend Exterior in the Marina Bay Action under the Firemen's Policy. For its part, Hiscox concedes that it must cover and defend Exterior as an additional insured under the Hiscox Policy with respect to Exterior's vicarious liability for Carey's negligence. The Court also assumes without deciding, as the parties appear to do, that the Hiscox Policy does not cover the other two buckets of potential liability for Exterior, i.e., Exterior's own negligence and Exterior's vicarious liability for the negligence of the subcontractors other than Carey.

Insofar as Hiscox means to argue that it has no duty to defend Exterior against allegations regarding Exterior's own negligence or Exterior's vicarious liability for the negligence of the subcontractors other than Carey, the Court is unpersuaded. "Massachusetts operates under an 'in for one, in for all' rule such that a general liability insurer 'must defend the entire

10

lawsuit if it has a duty to defend any of the underlying counts in the complaint.'" U.S. Fire Ins. Co., 155 F.4th at 29 (quoting Deutsche Bank Nat'l Ass'n v. First Am. Title Ins. Co., 991 N.E.2d 638, 641 n.11 (Mass. 2013)); see Federated Mut. Ins. Co. v. Peterson's Oil Serv., Inc., 155 F.4th 1, 7 (1st Cir. 2025) (explaining that "where an insurer is obligated to defend an insured on one of the counts alleged against it, the insurer must defend the insured on all counts, including those that are not covered" (quoting Mount Vernon Fire Ins. Co. v. Visionaid, Inc., 76 N.E.3d 204, 210 (Mass. 2017))). Because Hiscox concedes that it has a duty to defend Exterior against the allegations concerning Exterior's vicarious liability for Carey's negligence, Hiscox's duty to defend Exterior encompasses the entire lawsuit.

The next question is the relationship between the two insurers' duties to defend Exterior in the Marina Bay Action. To answer this question, the Court must examine "the terms of the respective policies." Great Divide Ins. Co. v. Lexington Ins. Co., 84 N.E.3d 844, 851 (Mass. 2017) (quoting Moroney Body Works, Inc. v. Cent. Ins. Cos., 35 N.E.3d 397, 399 (Mass. App. Ct. 2015)). Hiscox does not assert that the "other insurance" provision in its policy is triggered in this case. Firemen's, however, argues that its "other insurance" provision makes its coverage of Exterior's defense costs excess over the coverage provided by Hiscox.

11

The Firemen's Policy's "other insurance" provision states that "[i]f other valid and collectible insurance is available to the insured for a loss we cover," Firemen's "insurance is excess over . . . [a]ny other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured." Dkt. 18-6 at 190. As noted, there is no dispute that the Hiscox Policy covers Exterior on a primary basis as an additional insured with respect to Exterior's vicarious liability for Carey's negligence. Under its plain terms, then, the Firemen's Policy's coverage of any loss resulting from Exterior's vicarious liability for Carey's negligence is excess over Hiscox's primary coverage. See Moroney Body Works, 35 N.E.3d at 399 (explaining that "other insurance" provisions "apply where there are two or more concurrent policies that 'insure the same risk and the same interest, for the benefit of the same person, during the same period'" (quoting Bos. Gas Co. v. Century Indem. Co., 910 N.E.2d 290, 308 n.36 (Mass. 2009))). Yet Exterior's coverage under the Firemen's Policy is not entirely excess, as the parties agree that the Hiscox Policy does not cover any loss resulting from Exterior's own negligence and Exterior's vicarious liability for the negligence of the subcontractors other than Carey.

"Other insurance" provisions only affect the allocation of defense costs when they "make . . . reference to the insurers'

12

defense obligations." Preferred Mut. Ins. Co. v. Vt. Mut. Ins. Co., 32 N.E.3d 336, 343 (Mass. App. Ct. 2015). Here, the "other insurance" provision in the Firemen's Policy states that "[w]hen this insurance is excess, we will have no duty . . . to defend the insured against any 'suit' if any other insurer has a duty to defend the insured against that 'suit.'" Dkt. 18-6 at 190.

The key issue in this coverage dispute is how this language applies when, as here, the Firemen's Policy's coverage is excess with respect to some, but not the whole, loss alleged in the pleadings in the Marina Bay Action. This issue is a close call and has been poorly briefed by the parties. Courts have reached different results in coverage disputes involving similar circumstances and the same "other insurance" language. Compare Indemnity Ins. Co. of N. Am. v. Westfield Ins. Co., 58 F.4th 276, 278, 281-82, 284 (7th Cir. 2023) (holding under Illinois law that an "other insurance" provision absolved an insurer of its obligation to share defense costs even though the other insurance policy, under which the insured was covered as an additional insured, did not cover the entire time period or potential liability alleged in the underlying complaint), and Transp. Ins. Co. v. Motorists Mut. Ins. Co., No. 14-cv-01438, 2016 WL 1569971, at *5-7 (M.D. Pa. Apr. 19, 2016) (similar under Pennsylvania law), with Nat'l Cas. Co. v. W. World Ins. Co., 669 F.3d 608, 618 (5th Cir. 2012) (holding under Texas law that "'[o]ther insurance'

13

provisions limit an already-triggered duty to defend only when all of the allegations in the underlying lawsuit that fall under the policy's coverage provision also fall under the policy's 'other insurance' provision"), and Landmark Am. Ins. Co. v. Colony Ins. Co., No. 24-cv-06445, 2025 WL 257884, at *6-9 (C.D. Cal. Jan. 13, 2025) (holding that a general contractor's commercial liability insurer owed co-primary duty to defend the general contractor along with two subcontractors' insurers where the general contractor was an additional insured on the subcontractors' policies and the underlying complaint alleged some claims covered by all policies and some covered only by the general contractor's commercial liability insurer).

Examining the plain language of the "other insurance" provision in the Firemen's Policy, see Great Divide Ins., 84 N.E.3d at 849 (explaining that courts "focus on the plain language of an insurance policy, rather than derive the parties' intent through other means"), the Court concludes that the policy absolves Firemen's of any primary duty to defend Exterior in the Marina Bay Action. Under the "other insurance" provision, Firemen's has no duty to defend when two requirements are met: 1) Firemen's "insurance is excess" and 2) "any other insurer has a duty to defend the insured against" the suit. Dkt. 18-6 at 190. Both requirements are satisfied here, as Exterior's coverage under the Firemen's Policy is excess with respect to some of its potential

14

liability and Hiscox has a duty to defend Exterior against the Marina Bay Action. Id. While it seems unfair under these circumstances to require Hiscox to bear the full weight of defending Exterior in the Marina Bay Action, "a court cannot, in the name of equity, rewrite the language of an insurance contract." Lexington Ins. Co. v. Gen. Accident Ins. Co. of Am., 338 F.3d 42, 50 (1st Cir. 2003).

## ORDER

For the foregoing reasons, Firemen's motion for summary judgment (Dkt. 15) is **ALLOWED**, and Hiscox's cross-motion for summary judgment (Dkt. 23) is **DENIED**. The Court declares that Hiscox's defense obligation is primary to that of Firemen's. The parties shall submit a proposed form of judgment within fourteen days of the date of this order.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge